## LORANG v SECRETARY OF STATE

Docket No. 44336. Submitted August 27, 1979, at Detroit.—Decided October 10, 1979.

James J. Lorang received notice from the Secretary of State that his driving privileges or licenses were denied because he had four or more convictions of reckless driving. He brought a petition in circuit court for restoration of his driving privileges, and at about that time he received another notice, this notice indicating that his driving privileges had been suspended. The Oakland Circuit Court, William John Beer, J., denied Lorang's petition for restoration, and Lorang appeals, alleging that under the statute relied upon by the Secretary of State an individual's driving privileges may not be suspended but that the Secretary can only deprive an individual of his driving privileges at the time his license is issued or reissued. *Held:*

The statute in question provides that the Secretary of State shall not issue a license to a person with certain defined disabilities, one of which is four or more convictions of reckless driving. This statute may only be invoked at the time an individual's license is to be issued or reissued, and may not be relied upon to suspend a person's driving privileges at any other time.

Reversed.

1. Statutes — Construction of Statutes — Judicial Construction.

Judicial construction of a statute or attempted interpretation to vary the plain meaning of a statute is precluded where there is no necessity to reconcile conflicting statutes, where there is no absence of adequate definitions of relevant terms, and where the statutory language is plain and unambiguous.

2. Automobiles — Licenses — Suspension of Licenses — Statutes.

Suspension of a currently valid driver's license may not be

References for Points in Headnotes

[1] 73 Am Jur 2d, Statutes §§ 194, 195.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 106, 111.
Denial, suspension, or cancellation of driver's license because of physical disease or defect. 38 ALR3d 452.

founded upon a statute which provides that the Secretary of State shall not issue licenses to persons with certain defined disabilities; the statute may be invoked only upon issuance or reissuance of a license (MCL 257.303; MSA 9.2003).

*James F. Hewson,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Alan H. Broad,* Assistant Attorney General, for defendant.

Before: J. H. GILLIS, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

PER CURIAM. Plaintiff James Joseph Lorang appeals from a denial by the circuit court of plaintiff's petition for restoration of his driving privileges. An "order of denial" had been sent to plaintiff by the Secretary of State informing him that, effective January 26, 1979, his driving privileges or licenses were denied under § 303 of the Michigan Vehicle Code, 1949 PA 300, MCL 257.303; MSA 9.2003, because he had four or more convictions of reckless driving. The order also informed plaintiff that he could seek reinstatement of his driving privileges through the Driver License Appeal Division or the circuit court.

Plaintiff brought a petition for restoration in the circuit court under MCL 257.323; MSA 9.2023, claiming that he had a motor vehicle operator's license which was valid until June 11, 1981, and that a denial under MCL 257.303; MSA 9.2003 could not take effect until the expiration of that license. At about the same time, plaintiff received a notice from the Michigan Department of State that his driving privileges had been suspended, though plaintiff's certified driving record does not reflect a suspension but rather contains the words: "DENIED, 4 OR MORE CONV OF RECKLESS DRV".

A hearing was held on plaintiff's petition. The circuit court rejected plaintiff's argument that a "denial" under MCL 257.303; MSA 9.2003 could not be used to suspend plaintiff's present right to drive, but would only be effective upon reissuance of his license. Concerned with plaintiff's driving record, the circuit court refused to restore plaintiff's right to drive.

Plaintiff's argument, that under the plain and unambiguous language of MCL 257.303; MSA 9.2003 a "denial" by the Secretary of State can only deprive an individual of his driving privileges at the time his license is to be issued or reissued, and that the Secretary's authority to "deny" an application for a license should be distinguished from his power to "suspend" or "revoke" driving privileges, is now before this Court.

"Suspension" and "revocation" are defined by the Michigan Vehicle Code.[1]

" 'Suspension' means that the driver's license and privilege to drive a motor vehicle on the public highways are temporarily withdrawn but only during the period of such suspension." MCL 257.66; MSA 9.1866.

" 'Revocation' means that the driver's license and privilege to drive a motor vehicle on the public highways are terminated and shall not be renewed or restored, except that an application for a new license may be presented and acted upon by the department after the expiration of at least 1 year after the date of revocation." MCL 257.52; MSA 9.1852.

The Secretary of State's authority to suspend or revoke a license is governed by the Michigan

---

[1] The definitions given herein are those which were in effect at the time of the hearing on plaintiff's petition. Later amendments were made which do not affect the issue before the Court. Several of the other provisions discussed also have been amended without material effect on this case. These include §§ 317, 318, and 321a.

Vehicle Code. Pursuant to § 319 of the code, MCL 257.319; MSA 9.2019, the Secretary must suspend the license of any person who has been convicted of the crimes listed within that section. The Secretary may also suspend or revoke a license for any of the reasons set forth in § 320, MCL 257.320; MSA 9.2020. Additionally, under certain conditions the Secretary has the power to suspend a license in order to secure the court appearance of a person charged with a violation of the code. MCL 257.320a; MSA 9.2121(1). Section 317, MCL 257.317; MSA 9.2017, provides for suspensions or revocations with respect to nonresidents and § 318, MCL 257.318; MSA 9.2018, permits suspension or revocation of a resident's license should the resident be convicted of a crime in another state which if committed in Michigan would be grounds for suspension or revocation.

None of these provisions were used in the instant case, and it appears that none are applicable to the facts of the case as they were made known to this Court. Rather, the Secretary informed plaintiff that plaintiff's license was suspended under § 303 of the code, MCL 257.303; MSA 9.2003.

MCL 257.303; MSA 9.2003 provides that "The secretary of state shall not issue a license under this act" to persons with certain defined disabilities. Plaintiff falls within subdivision (g) of the statute.

The language of § 303 of the code indicates that this statute may only be used upon issuance of a license. It is not within the Court's power to expand this statute to permit suspensions of currently valid licenses to be founded thereupon.

"Under generally recognized principles of statutory construction, when there is no necessity to reconcile conflicting statutes, *Wayne County Civil Service Comm*

*v Board of Supervisors,* 384 Mich 363; 184 NW2d 197 (1971), when there is no absence of adequate operational definitions of relevant terms, *Prisoners' Labor Union v Department of Corrections,* 61 Mich App 328; 232 NW2d 699 (1975), *lv den* 394 Mich 843 (1975), and when the statutory language is plain and unambiguous, *Jones v Grand Ledge Public Schools,* 349 Mich 1, 9-10; 84 NW2d 327 (1957), judicial construction or attempted interpretation to vary the plain meaning of the statute is precluded." *Lawrence v Dept of Corrections,* 88 Mich App 167, 171; 276 NW2d 554 (1979).

Accordingly, the decision of the trial court is reversed. No costs, a public question being involved.