PEOPLE v DUNN

Docket No. 45939. Submitted October 8, 1980, at Grand Rapids.—
Decided March 5, 1981.

Duane E. Dunn pled guilty to driving a motor vehicle while
under the influence of intoxicating liquor. The district court
assessed fines and costs and ordered that his operator's license
be suspended. The court additionally ordered the Secretary of
State to issue defendant a restricted license during the period
of suspension. The Secretary of State refused to issue a re-
stricted license because defendant had previously been con-
victed of the same offense. Upon a petition by defendant to
enforce the judgment, the district court held the Michigan
Department of State, Bureau of Driver Improvement, in con-
tempt for failure to comply with the order and directed the
Department to purge its contempt by issuing an unrestricted
operator's license to defendant. The Department complied and
appealed to Montcalm Circuit Court which affirmed the actions
of the district court, Charles H. Simon, Jr., J. The people of the
State of Michigan, the Michigan Department of State, and the
Secretary of State appeal by leave granted. *Held:*

1. The district court was empowered by statute to order the
Secretary of State to issue a restricted operator's license. The
circuit court properly affirmed the actions of the district court.

2. The question as to whether the district court abused its
discretion by holding plaintiffs in contempt was not preserved
for appeal.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1,2,4] 7A Am Jur 2d, Automobiles and Highway Traffic § 124 *et seq.*
73 Am Jur 2d, Statutes § 161 *et seq.*

[2] What constitutes driving, operating, or being in control of motor
vehicle for purposes of driving while intoxicated statutes. 93
ALR3d 7.

Driving under the influence, or when addicted to the use, of drugs
as criminal offense. 17 ALR3d 815.

[3] 73 Am Jur 2d, Statutes §§ 145, 146.

[4] 7A Am Jur 2d, Automobiles and Highway Traffic § 112 *et seq.*

1. Statutes — Administrative Interpretation of Statutes — Judicial Interpretation of Statutes.

    A long-standing administrative interpretation of the meaning of a statute, while entitled to considerable weight, is not conclusive and cannot be used by a court to overcome a logical reading of a statute.

2. Automobiles — Driving While Intoxicated — Statutes.

    The statute which proscribes driving while under the influence of intoxicating liquor or a controlled substance grants discretion to a trial court in the application of its provisions and does not grant administration exclusively to an administrative agency (MCL 257.625; MSA 9.2325).

3. Statutes — Judicial Construction — Legislative Intent.

    The fundamental purpose of statutory construction is to give effect to the intention of the Legislature; however, statutory language which is clear on its face is not open to judicial construction.

4. Licenses — Automobiles — Driving While Intoxicated — Restricted Licenses — Statutes.

    The statute which proscribes driving while under the influence of intoxicating liquor or a controlled substance empowers a trial court to suspend a defendant's operator's or chauffeur's license and to order the Secretary of State to issue a defendant a restricted operator's or chauffeur's license during the period of court-ordered suspension notwithstanding the statutory prohibition against the issuance of a license to persons who habitually violate such proscriptions (MCL 257.303[d], 257.625[d], [f]; MSA 9.2003[d], 9.2325[d], [f]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stephen H. Garrard,* Assistant Attorney General, for the people.

*Miel, Miel & Gnewkowski* (by Steven M. Gnewkowski), for defendant.

Before: R. M. Maher, P.J., and R. B. Burns and D. F. Walsh, JJ.

Per Curiam. Plaintiffs appeal by leave granted

the June 15, 1979, order of the circuit court affirming a November 13, 1978, order of the district court adjudging the Michigan Department of State in contempt for failure to issue defendant a restricted motor vehicle operator's license.

On May 28, 1978, defendant was charged with the offense of driving a motor vehicle while being under the influence of intoxicating liquor (DUIL). MCL 257.625; MSA 9.2325. On August 2, 1978, defendant entered a plea of guilty in district court to the charged offense. It is undisputed that this was his second conviction for DUIL within a seven-year period. After accepting defendant's plea of guilty, the court assessed fines and costs, ordered that his operator's license be suspended by the Secretary of State for a period of 90 days, and further ordered that the Secretary of State should issue to defendant a restricted license for this 90-day period, allowing him to drive to and from his residence and place of employment. Following his conviction, defendant surrendered his operator's license to the clerk of the district court who forwarded the license along with a certificate of conviction to the Secretary of State pursuant to MCL 257.625(f); MSA 9.2325(f). Plaintiff Secretary of State refused to issue defendant a restricted license because he was twice convicted of DUIL.

Defendant petitioned the district court to enforce the judgment of sentence, and the court ordered the Michigan Department of State, through Monte A. Mohr, to appear and show cause why it should not be held in contempt for failing to issue the restricted license. Briefs were filed by the respective parties, and in an opinion dated October 26, 1978, the Michigan Department of State, Bureau of Driver Improvement, was held in contempt for failure to comply with the judgment

of sentence. A final order was entered November 13, 1978, directing the department to purge its contempt by issuing defendant an operator's license without restrictions, effective November 1, 1978.[1] This order was satisfied. Plaintiffs then brought an appeal to the circuit court which affirmed the actions of the district court. Leave to appeal was granted by this Court on February 21, 1980.

The principal issue on appeal is whether the district court had the authority to order the Secretary of State to issue a restricted license to defendant. Defendant relies on the following statutory provisions in support of his position:

"(d) Upon conviction of a person under this section [DUIL] * * * the court, in addition to the penalty imposed under subsection (c) and as part of the sentence, shall order the operator's * * * license of that person to be suspended by the secretary of state for a period of not more than 2 years *and may order the secretary of state to issue to that person a restricted license permitting that person during all or any specified portion of the period of suspension to drive only to and from the person's residence and place of employment,* in the course of employment, to and from an alcohol training program order *[sic]* by the court, or in accordance with a combination of those restrictions. * * *

\* \* \*

"(f) The operator's * * * license of a person found guilty of violating this section * * * shall be surrendered to the court in which the conviction shall be had and that court shall immediately forward the surrendered license and a certificate of conviction to the secretary of state. The certificate of conviction shall indicate the sentence imposed pursuant to subsections (c) and (d). *Upon receipt of, and pursuant to the certificate of conviction, the secretary of state shall suspend*

---

[1] By this date the court-ordered 90-day suspension had expired.

*the person's license and, where applicable, issue to the person a restricted license stating the limited driving privileges indicated on the certificate."* MCL 257.625(d), (f); MSA 9.2325(d), (f). (Emphasis added.)[2]

Plaintiffs rely instead on the following statutory provision:

"The secretary of state shall not issue a license under this act:

\* \* \*

"(d) To a person who is an habitual violator of § 625. Two convictions of driving while under the influence of intoxicating liquor, a controlled substance, or a combination of intoxicating liquor and a controlled substance within a period of 7 years under this act or any other law of this state relating to driving under the influence of intoxicating liquor \* \* \* shall be prima facie evidence that the person is an habitual violator of § 625 for the purposes of this chapter." MCL 257.303(d); MSA 9.2003(d).[3]

Based on these statutes, defendant argues that §§ 625(d) and (f) clearly grant the court the authority to order the Secretary of State to issue a restricted license. He distinguishes § 303(d) by arguing that it applies only when a license is reissued or issued for the first time. He further contends that, even if § 303(d) is not construed in such a manner, the statute merely provides that two convictions within the seven-year period is prima facie evidence that the person is an habitual viola-

---

[2] The statute is here reproduced in its present form. Subsequent to the decision of the district court, the statute was amended. 1978 PA 391 (effective January 15, 1979). The amendment is not material to the issues raised on appeal.

[3] At the time of defendant's conviction, the statute was labeled MCL 257.303(4); MSA 9.2003(4). The statute has since been amended. 1978 PA 139 (effective May 1, 1979), 1978 PA 391 (effective January 15, 1979). These amendments are not material to the issues raised on appeal.

tor of § 625. He argues that this presumption was overcome in the instant case as demonstrated by the court's decision to issue him a restricted license. Plaintiffs argue, on the other hand, that § 303(d) allows the Secretary of State to formulate a policy whereby those persons with two convictions within the seven-year period are denied licenses subject to review within the Department of State pursuant to MCL 257.322; MSA 9.2022, or by the circuit court pursuant to MCL 257.323; MSA 9.2023. They further contend that the court's authority under § 625 is limited by § 303, effectively allowing the court to order the issuance of a restricted license only to a first-time offender. Plaintiffs further point to the fact that §§ 625 and 303 were both recently amended by the Legislature and argue that, because the Legislature is presumed to know the interpretation advanced by the Secretary of State, the Legislature could have made it clear that the court's authority under § 625 extended to those with two convictions but chose not to do so.

We are unable to completely accept the arguments of any of the parties. Accepting defendant's argument that § 303(d) applies only on the issuance of a new license, *Lorang v Secretary of State,* 93 Mich App 262; 287 NW2d 197 (1979), does little to help his position as the instant case clearly involves the "issuance" of a new, albeit restricted, license. Accepting plaintiffs' argument that § 303(d) limits the court's authority to order restricted licenses to first offenders would not resolve the issue as it would ignore the clear language of § 625 (which contains no such restriction) and would fail to eliminate the possibility that §§ 625(d) and (f) were intended as an exception to § 303(d) rather than the other way around. While

plaintiffs argue that defendant should have appealed the denial through the Department of State or to the circuit court, acceptance of this procedure as the sole means of relief would lead to illogical results. Under such an interpretation, the circuit court would have appellate authority to order the Secretary of State to issue a license under § 323 but would be denied the authority to order the issuance of a restricted license under § 625(d) when sentencing a defendant on a felony DUIL conviction. See § 625(c). Concerning plaintiffs' arguments regarding presumed legislative approval of the Secretary of State's interpretation limiting §§ 625(d) and (f) to first offenders, we note that, while long-standing administrative interpretations are entitled to considerable weight, *Magreta v Ambassador Steel Co,* 380 Mich 513; 158 NW2d 473 (1968), *Wehmeier v W E Wood Co,* 377 Mich 176, 191-192; 139 NW2d 733 (1966), the instant case does not call for application of this principle in the manner for which plaintiffs contend. The Secretary of State's interpretation is not long-standing, having arisen only after the 1977 effective date of the amendment to § 625 which gave the sentencing court the authority to order the issuance of a restricted license. In addition, § 625 grants discretion to the courts in the administration of its provisions so that this is not a case where the administration of the statutory enactments in question has been granted exclusively to an administrative agency. Finally, an administrative interpretation, while entitled to considerable weight, is not conclusive and cannot be used to overcome a logical reading of the statutes.

The fundamental purpose of statutory construction is to give effect to the intention of the Legislature. *Spartan Asphalt Paving Co v Grand Ledge*

*Mobile Home Park,* 400 Mich 184; 253 NW2d 646 (1977). Statutory language which is clear on its face, however, is not open to judicial construction. See *Lorang, supra,* 265-266. The language adopted by the Legislature is perhaps the best source for ascertaining its intent. *Detroit Automobile Inter-Ins Exchange v Felder,* 94 Mich App 40, 45; 287 NW2d 364 (1979). In the instant case, an examination of the statutory provisions in issue convinces us that they are not in conflict and that §§ 625(d) and (f) were intended as an exception to § 303(d). Section 625(c) sets out penalties for first, second, and third convictions for DUIL. Section 625(d) states that, "in addition to the penalty imposed under subsection (c) and as part of the sentence * * *" the court shall order the defendant's license to be suspended "and may order the secretary of state to issue to that person a restricted license * * *". This relationship between subsection (c), which expressly applies to multiple offenders, and subsection (d), which is not limited to first offenders, indicates that no such limitation was intended. When read in connection with the rest of § 625, the language of § 625(f) which provides that the secretary of state, "where applicable", shall issue a restricted license refers to those instances where such a license is ordered by the sentencing court. Section 303(d) applies in general to prohibit the issuance of licenses to persons with a specific disability. Sections 625(d) and (f), on the other hand, are more specific and allow the sentencing court to order the issuance of a restricted license as part of the sentence imposed on those who might otherwise be prevented from obtaining a license. Accordingly, we hold that §§ 625(d) and (f) constitute an exception to § 303(d) and empower the sentencing court to order the issuance of a restricted license notwithstanding the provisions of

§ 303(d). It should be noted that the exception is narrowly drawn. The court is only empowered to order the Secretary of State to issue a restricted license for specific purposes and then only during the period of court-ordered suspension.

Plaintiffs also argue that, given the procedural setting of the instant case, the district court abused its discretion by holding plaintiff Department of State in contempt. They argue that there were more appropriate means for resolving the conflict that should have been employed instead. This issue has not been properly preserved for review. It was not raised in the district court, the circuit court, or in the application for leave to appeal. Plaintiffs have not been prejudiced as they were given the opportunity to fully litigate the statutory construction issue at each stage of the proceedings.

Affirmed.