TAYLOR, C.J.
We granted leave in this case to determine whether the minority/insanity tolling provision of the Revised Judicature Act (RJA), MCL 600.5851(1), applies to toll the “one-year-back rule” in MCL 500.3145(1) of the no-fault automobile insurance act.[1] The Court of Appeals, reversing the trial court’s denial of defendant’s motion for summary disposition, held that it does not, but further concluded that the tolling provision at issue does not apply to the applicable statute of limitations for no-fault actions that is also set out in MCL 500.3145(1).
We affirm the Court of Appeals determination that defendant is entitled to summary disposition, but on narrower grounds. To decide this matter, the Court of Appeals only needed to address whether MCL 600.5851(1) tolls the one-year-back provision in MCL 500.3145(1). Because we conclude that MCL 600.5851(1) cannot toll the one-year-back rule, and all damages sought here were for more than one year back, no damages could be recovered and that disposes of this matter. Accordingly, it was dicta for the Court of Appeals to address the effect of MCL 600.5851(1) on the statute of limitations in MCL 500.3145(1) and we vacate that portion of its ruling while affirming its conclusion that defendant is entitled to summary disposition in this case.
*59 i. FACTS
Daniel Cameron, a minor, suffered a closed head injury resulting in a cognitive disorder when an automobile struck his bicycle in 1996. At the time of the accident, Daniel’s parents maintained a no-fault automobile insurance policy with defendant Auto Club Insurance Association under which Daniel was eligible for coverage. In 2002, when Daniel was 16 years old, his parents filed suit on his behalf seeking PIP benefits for attendant care rendered to Daniel from August 1996 to August 1999.
Defendant moved for summary disposition, arguing that plaintiffs’[2] claim was barred by the one-year-back rule in MCL 500.3145(1). The circuit court denied defendant’s motion and, instead, granted summary disposition in favor of plaintiffs. Thereafter, the circuit court entered a judgment in plaintiffs’ favor in the amount of $182,500, an amount stipulated by the parties.
Defendant appealed to the Court of Appeals, which reversed.[3] The Court of Appeals held that tolling under MCL 600.5851(1) does not affect the date for bringing an action or limit the one-year-back rule of MCL 500.3145(1).[4] The Court therefore concluded that the *60 circuit court had improperly denied defendant’s motion for summary disposition.
This Court granted plaintiffs’ application for leave to appeal.[5]
II. STANDARD OF REVIEW
We review de novo a trial court’s grant or denial of a motion for summary disposition.[6] Questions of statutory interpretation are also reviewed de novo.[7] As always, our primary goal when interpreting statutes is to discern the intent of the Legislature by focusing on the best indicator of that intent, the language the Legislature adopted in the statute.[8]
III. ANALYSIS
As stated above, plaintiffs filed suit in 2002, seeking no-fault automobile insurance benefits for attendant care rendered to Daniel from August 1996 to August 1999. Defendant asserts that this action is barred by MCL 500.3145(1), which provides in relevant part:
An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent *61 allowable expense, work loss or survivor’s loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. [Emphasis added.]
As we recently reiterated in Devillers v Auto Club Ins Ass’n [9] MCL 500.3145(1) contains two limitations on the time for commencing an action and one limitation on the period for which benefits may be recovered:
“(1) An action for personal protection insurance [PIP] benefits must be commenced not later than one year after the date of accident, unless the insured gives written notice of injury or the insurer previously paid [PIP] benefits for the injury.
“(2) If notice has been given or payment has been made, the action may be commenced at any time within one year after the most recent loss was incurred.
“(3) Recovery is limited to losses incurred during the one year preceding commencement of the action. ”[10]
Thus, an action for PIP benefits must be commenced within a year of the accident unless the insured gives written notice of injury or previously received PIP benefits from the insurer. If notice was given or payment was made, the action can be commenced within one year of the most recent loss. Recovery, however, is limited to losses incurred during the year before the filing of the action.
In the present case, although plaintiffs filed their complaint in 2002, more than one year after the date of the accident in 1996, defendant does not dispute that it either received written notice of injury or previously *62 paid benefits and that plaintiffs commenced their action within one year after the most recent loss was incurred. Thus, defendant’s sole assertion is that the one-year-back rule bars plaintiffs’ claim because the period for which the plaintiffs seek recovery for their losses is August 1996 to August 1999. This, of course, is a period more than one year before the 2002 commencement date of their action. Thus, defendant argues, and the Court of Appeals agreed, no damages are recoverable.
In response, plaintiffs contend that the minority/insanity tolling provision in MCL 600.5851(1) applies to toll the one-year-back rule with regard to damages in MCL 500.3145(1) and, as a result, the losses incurred between August 1996 and August 1999 are recoverable. We disagree.
MCL 600.5851(1) provides in relevant part:
[I]f the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run.
By its unambiguous terms, MCL 600.5851(1) concerns when a minor or person suffering from insanity may “make the entry or bring the action.” It does not pertain to the damages recoverable once an action has been brought. MCL 600.5851(1) then is irrelevant to the damages-limiting one-year-back provision of MCL 500.3145(1). Thus, to be clear, the minority/insanity tolling provision in MCL 600.5851(1) does not operate to toll the one-year-back rule of MCL 500.3145(1).
We note that in Geiger v Detroit Automobile Inter-Insurance Exch,[11] our Court of Appeals reached the *63 opposite conclusion and held that the minority/insanity provision in MCL 600.5851(1) does toll the one-year-back rule in MCL 500.3145(1). In reaching this conclusion the Court of Appeals, looking behind the language of the statute and focusing on its understanding of the Legislature’s purported intent, determined that the legislative purpose behind the minority/insanity tolling provision for periods of limitations was to preserve not only a person’s cause of action during the period of disability but also the person’s damage claims. It opined that to not read the statute in this fashion would “severely limit the utility” of the minority/insanity tolling provision. The Court then concluded that, “[i]n order to advance the policy of RJA § 5851,” the minority/insanity tolling provision applies to prevent the capping of damages under the one-year-back rule of MCL 500.3145(1).[12]
We believe this ruling was erroneous for the most uncomplicated reason; namely, that we must assume that the thing the Legislature wants is best understood by reading what it said. Because what was said in MCL 500.3145(1) and MCL 600.5851(1) is clear, no less clear is the policy. Damages are only allowed for one year back from the date the lawsuit is filed. We are enforcing the statutes as written.[13] While some may question the wisdom of the Legislature’s capping damages in this fashion, it is unquestionably a power that the Legislature has under our Constitution.[14] Thus, because Geiger’s conclusion that the minority/insanity tolling provision applies to extend the one-year-back rule is *64 contrary to what the Legislature clearly directed in MCL 500.3145(1) and MCL 600.5851(1), Geiger is overruled.
Because we conclude that the minority/insanity tolling provision in MCL 600.5851(1) does not apply to the one-year-back rule in MCL 500.3145(1), we find it unnecessary in this case to reach the broader question whether the legislative amendments in 1993 PA 78 limit the applicability of the minority/insanity tolling provision to causes of action for which the applicable statute of limitations is set forth in the RJA. Because the Court of Appeals unnecessarily addressed this broader issue, its holding in this regard is vacated.
IV RESPONSE TO JUSTICES CAVANAGH AND KELLY
Justices CAVANAGH and KELLY choose to attack our law-driven conclusion by proffering reasons why they think the one-year back rule should be tolled for minors and insane persons. What they should be seen as arguing is that all the disciplines that judges, lawyers, and even lay people use for giving meaning to documents and distinguishing in a principled fashion between potentially conflicting instruments are to be disregarded and instead we are to raise our eyes from the tedious page, weigh who is the most compelling litigant, and “effect legislative intent.” This begs the question, to which they have no answer, of why the words the Legislature used do not do that better than their efforts to find the “real intent.” Moreover, with a system of mandatory automobile no-fault insurance such as the Legislature has enacted, it just may be, because of the economies required to make it work, that the Legislature’s “real intent” was to set up strict rules that can unfortunately, but unavoidably if you want no-fault insurance, produce some sad outcomes.
*65 If the statute has provisions that are harsh, they undoubtedly reflect the compromises that were hammered out in the Legislature at the time mandatory coverage automobile no-fault insurance was enacted by the Michigan Legislature. Votes were cast for the statute by legislators on the basis that the compromises would be honored. It was for them, the legislators, not us, the judges, to weigh the “competing interests” and “chose the result” to use Justice CAVANAGH’s descriptions.[15] In doing this we do not “ignoreD the interests of the insured,”[16] just as we are not “protecting insurers.”[17] Nor should a court that looks to the statute and follows it be charged with ignoring “weighty public policy.”[18] Moreover, a court is not “refusing to acknowledge that there is a conflict” between two statutes[19] to refuse to be complicit in conjuring up an imaginary conflict. Similarly, it is not a judge’s task to read two very different statutes, one about the tolling of claims and another about allowed damages in an insurance action, and assert that they are unharmonious or that to understand them requires a special “frame of reference.”[20] Reproaches of this sort by Justices CAVANAGH and Kelly because we refuse to follow their lead, betray a profound misunderstanding of the judicial and legislative roles. It is the legislators who establish the statutory law because the legislative power is exclusively theirs.[21] We cannot revise, amend, deconstruct, or ignore their product and still be true to our responsi *66 bilities that give our branch only the judicial power.[22] By what theory can we not recognize these undeniable constitutional truths? The only one is that we have the raw power, because we rule after they have enacted, to refuse to honor the bargain they struck. This is an indefensible position whose illegitimacy was classically outlined by Chief Justice Marshall in the celebrated case of Marbury v Madison, 5 US (1 Cranch) 137, 177; 2 L Ed 60 (1803), which has been the lodestar for generations of judges in questions of statutory construction: ours is to declare what the law is, not what it ought to be.
As an additional argument, Justices CAVANAGH and KELLY argue that the result reached by following the statutory language is “absurd” and contend, effectively, that we should rewrite the statutes in order to reach a result that better comports with their own personal policy preferences or, as they would have to describe it, what the Legislature must have really intended regardless of what it said. While they and Justice WEAVER urge us to revisit People v McIntire, 461 Mich 147; 599 NW2d 102 (1999), there is no reason for us to do so in this case. Whatever the wisdom of the rule, it would be dicta to discuss it here because, as Justice MARKMAN has aptly pointed out in his concurrence, the “absurd results” doctrine does not implicate the decision in this case because what was done by the Legislature was not absurd. The reason is that there are several conceivable explanations, as we have pointed out, why the Legislature could have intended the result the plain language of the statute requires. Thus, the result here is not absurd when properly understood and no discussion of the absurd results rule is germane.
*67 What this all comes down to is that the proponents of the dissents’ positions who have petitioned this Court for assistance are simply in the wrong place. They should go to the Legislature. There the increased premium costs to the drivers of this state occasioned by the revisions they seek for this mandatory insurance can be measured against the important goals of, among other things, affordability of this mandatory insurance. We have neither the tools nor the authority to strike that balance and we recognize it. It may be that the proponents of change will prevail in the Legislature or it may be that in the Legislature’s wisdom the benefits will not justify the burden of increased premiums and potentially more uninsured drivers that will be occasioned by the changes sought. But, again, it must be emphasized, no one on this Court, or any other, has warrant to impose our view on the balance striking and make it law. The Legislature and the Legislature alone has that power. That it has struck this balance in the past in a way that strikes the dissents as “inexplicable and unsupported”[23] or “absurd”[24] is, as we have explained here, and before in these types of cases, irrelevant.
In conclusion, as judges, we have read the statutes at issue without a thumb on the scale. We are willing to enforce what the Legislature has enacted. It is just plain wrong to say or imply that we are indifferent or hostile to the rights of the disabled. We are not. We are recognizing the rights that the lawgivers gave them, and no Court should do more or less.
V RESPONSE TO JUSTICE WEAVER
Justice WEAVER has argued in her dissent the inapplicability of the one-year-back rule to this case. We *68 believe her argument is flawed, as we will discuss, but the more significant problem with it is that, even if it is correct, it cannot apply to these litigants. She argues that the one-year-back rule limits the amount of damages that can be recovered in no-fault cases only if the plaintiff is able to bring its action beyond one year from the date of the accident because it provided notice or was previously paid benefits as set forth in MCL 500.3145(1), and that the one-year-back rule does not apply if the time for bringing the action was extended by application of the minority/insanity tolling provision in MCL 600.5851(1). From this starting point, she then asserts that the one-year-back rule does not apply in this case because plaintiffs relied on the minority/insanity tolling provision in MCL 600.5851(1) to extend the one-year period of limitations for bringing the action. The record does not seem to support Justice Weaver’s assertion, however, that plaintiffs relied on the minority/insanity tolling provision in MCL 600.5851(1) to toll the one-year period of limitations in MCL 500.3145(1) that accrued on the date of the accident rather than merely taking advantage of that statute’s other one-year period of limitations that began on the date of the most recent allowable expense. This is because the record indicates that defendant admitted that plaintiffs’ complaint was timely filed in accordance with the limitations period of MCL 500.3145(1) that accrued on the date of the most recent allowable expense because defendant had received notice or previously paid benefits.[25] Thus, it appears from the record that plaintiffs only attempted to rely on the *69 minority/insanity tolling provision in MCL 600.5851(1) to extend the one-year-back rule, not the time period for bringing their claim.
But even if the record could be interpreted to support Justice WEAVER’S contention that plaintiffs relied on the minority/insanity tolling provision in MCL 600.5851(1) to extend the period for bringing their action, her conclusion that the one-year-back rule only applies in cases where plaintiffs take advantage of the later period of limitations that begins at the time of the most recent allowable expense is incorrect. This Court has consistently interpreted MCL 500.3145(1) as containing three distinct periods of limitations: two limitations on the time for filing suit (one provided in the first half of the first sentence of MCL 500.3145[1] that starts on the date of the accident, and a second, later one provided in the second sentence of MCL 500.3145[1] that starts at the time of the most recent allowable expense if the insured has given notice of injury or the insurer has previously paid benefits), and one limitation on the period for which benefits may be recovered (the one-year-back rule contained in the third sentence of MCL 500.3145[1]).[26] With only minimal explanation, Justice WEAVER argues that we should overrule this precedent,[27] *70 contending that only the first half of the first sentence of MCL 500.3145(1) is a period of limitations, while the remainder of the first sentence is a tolling provision and the second and third sentences of MCL 500.3145(1) are merely “details” of how it is to be applied.[28]
The language of MCL 500.3145(1) does not support Justice Weaver’s assertion that the second and third sentences of MCL 500.3145(1) do not set forth separate periods of limitations. The reason is that the first sentence plainly states that an action must be commenced within one year of the date of the accident unless notice is given or the insurer has previously paid benefits. The word “unless” is commonly defined as meaning “except under the circumstances that,” or “except; but; save.”[29] Thus, in cases where the insured has given notice or the insurer has previously paid benefits, the one-year period of limitations that starts on the date of the accident is not tolled as Justice WEAVER asserts. Rather, the plaintiff is excepted from that period of limitations and, instead, is subject to the separate and distinct period of limitations for filing suit that starts at the time of the most recent loss. Similarly, because the word “unless” does not create a tolling period, the one-year-back rule is not merely a “detail” of a tolling period as Justice WEAVER asserts, but is, as this Court has always held, its own distinct period of limitations.
Justice WEAVER also argues that the one-year-back rule only applies to actions subject to the later period of limitations that begins on the date of the most recent *71 loss because notice was given or benefits were previously paid, and that it does not apply to actions filed pursuant to the earlier period of limitations that starts on the date of the accident that may have been tolled because of the application of MCL 600.5851(1), equitable estoppel, or some other reason. Her argument is that because the Legislature began the third sentence of MCL 500.3145(1), which creates the one-year-back rule, with the word “however,” that sentence only relates back to the second sentence of MCL 500.3145(1).
Although she does not directly reference it, Justice WEAVER appears to be relying on the last antecedent rule, which provides that a modifying clause is confined solely to the last antecedent.[30] However, the last antecedent rule does not apply where the modifying clause is set off by a punctuation mark, such as a comma or, in this case, a period.[31] Moreover, the last antecedent rule does not apply if something in the statute’s subject matter or dominant purpose requires a different interpretation.[32] As we have consistently noted, a dominant legislative purpose permeating throughout the no-fault act is to ensure that this mandatory coverage is afford *72 able.[33] Accordingly, declining to utilize the last antecedent rule to limit the one-year-back rule’s application in the manner proposed by Justice WEAVER “is consistent with the Legislature’s overarching commitment in the no-fault act, and its later amendments, to facilitating reasonable economies in the payment of benefits, thus causing the costs of this mandatory auto insurance to be more affordable.”[34]
VI. CONCLUSION
We hold that the minority/insanity tolling provision in MCL 600.5851(1), by its plain terms, only addresses when an action may be brought. Therefore, it does not apply to toll the one-year-back rule in MCL 500.3145(1) because that provision does not concern when an action may be brought but, instead, limits the amount of PIP benefits a person injured in an automobile accident may recover. Accordingly, the decision of the Court of Appeals reversing the trial court’s denial of defendant’s motion for summary disposition and remanding this case to the circuit court for entry of summary disposition in defendant’s favor is affirmed. However, because the Court of Appeals unnecessarily addressed the issue whether the legislative amendments of MCL 600.5851(1) in 1993 PA 78 render the minority/insanity tolling provision inapplicable to causes of action for which the statute of limitations is not set forth in the RJA, its analysis of that issue is vacated.
*73 Affirmed in part and vacated in part.
Corrigan, Young, and Markman, JJ., concurred with Taylor, C.J.

 This rule limits the amount of personal protection insurance (PIP) benefits recoverable to those incurred within one year before the action was commenced.

 Although Daniel’s parents filed suit on his behalf, we refer to them, rather than Daniel, as “plaintiffs” for ease of reference.

 263 Mich App 95; 687 NW2d 354 (2004).

 In holding this way, the Court noted that one aspect of the legislative amendments of MCL 600.5851 in 1993 PA 78 was to change the wording of the minority/insanity tolling provision in subsection 1 from stating that it applies to a person entitled to “bring an action” to stating that it applies to a person entitled to “bring an action under this act" (Emphasis added.) On the basis of this change, the panel concluded that the minority/insanity tolling provision in MCL 600.5851(1) does not apply to causes of action arising after October 1, 1993, the effective date of 1993 PA 78, for which the applicable statute of limitations is not provided in the RJA.

 472 Mich 899 (2005).

 Nastal v Henderson & Assoc Investigations, Inc, 471 Mich 712, 720; 691 NW2d 1 (2005).

 Id.

 Id.; Kreiner v Fischer, 471 Mich 109, 129; 683 NW2d 611 (2004).

 473 Mich 562, 574; 702 NW2d 539 (2005).

10 Devillers, supra at 574, quoting Welton v Carriers Ins Co, 421 Mich 571, 576; 365 NW2d 170 (1985), overruled on other grounds in Devillers, supra (emphasis in Welton).

 114 Mich App 283; 318 NW2d 833 (1982).

 Id. at 291.

 Devillers, supra at 588-589; Warda v Flushing City Council, 472 Mich 326, 340; 696 NW2d 671 (2005).

 Phillips v Mirac, Inc, 470 Mich 415, 431-438; 685 NW2d 174 (2004).

 Post at 96.

 Id.

 Id.

 Id.

 Id. at 97.

 Id. at 98 n 10.

 Const 1963, art 4, § 1.

 Const 1963, art 6, § 1.

 Post at 102.

 Post at 103 n 12.

 Defendant stated in its affirmative defenses that “Since notice was given, or payment has been previously made, Plaintiffs may not recover benefits for any alleged expenses incurred more than one (1) year before the date on which the action was commenced, pursuant to MCL 500.3145(1).” (Emphasis added.)

 Devillers, supra at 574, quoting Welton, supra at 576.

 It is baffling that Justice Weaver argues here that we should overrule Welton and Devillers, and change the interpretation given to MCL 500.3145(1) for over 20 years, given that she so often argues that we should leave erroneously decided cases intact simply because they are, in her words, “longstanding precedent.” Devillers, supra at 620 (WEAVER, J., dissenting). What is even stranger is that in Devillers this Court overruled part of Welton that was inconsistent with the statute, but Justice Weaver dissented on the ground that although Welton and its progeny were wrongly decided they should not be overruled because they had been in effect for a long time. Id. In this case, however, she argues that we should overrule another part of Welton with no concern whatsoever for how long it has been in effect. Moreover, she lobbies for the *70 overruling of Welton and Devillers without engaging in any analysis of whether their interpretation of MCL 500.3145(1) defies practical workability. Robinson v Detroit, 462 Mich 439, 464-467; 613 NW2d 307 (2000).

 Post at 105-106.

 Random House Webster’s College Dictionary (2001).

 Dessart v Burak, 470 Mich 37, 41; 678 NW2d 615 (2004); Sun Valley Foods Co v Ward, 460 Mich 230, 237; 596 NW2d 119 (1999).

 People v Small, 467 Mich 259, 263 n 4; 650 NW2d 328 (2002), citing 2A Singer, Sutherland on Statutory Construction (6th ed), § 47.33, pp 369, 373.

 Dessart, supra at 41. It is odd that Justice Weaver here attempts to overrule Devillers and Welton on the basis of the last antecedent rule when she has herself recently argued that the rule is “optional, not mandatory,” “ ‘not inflexible and uniformly binding,’ ” and inapplicable “ ‘[w]here the sense of the entire act requires that a qualifying word or phrase apply to several preceding or even succeeding sections.’ ” Dessart, supra at 44 (Weaver, J., concurring in the result), quoting 2A Singer, Sutherland on Statutory Construction (6th rev ed), § 433, p 372.

 See Jarrad v Integon Nat’l Ins Co, 472 Mich 207, 218; 696 NW2d 621 (2005); Griffith v State Farm Mut Automobile Ins Co, 472 Mich 521, 539; 697 NW2d 895 (2005); Cruz v State Farm Mut Automobile Ins Co, 466 Mich 588, 597; 648 NW2d 591 (2002); Celina Mut Ins Co v Lake States Ins Co, 452 Mich 84, 89; 549 NW2d 834 (1996); O’Donnell v State Farm Mut Ins Co, 404 Mich 524, 547; 273 NW2d 829 (1979); Shavers v Attorney General, 402 Mich 554, 607-611; 267 NW2d 72 (1978).

 Jarrad, supra at 218.