WEAVER, J.
(concurring). I concur in and sign all of the majority opinion except the section entitled “Stare Decisis.” I write separately to note that in addition to the reasons given in the majority opinion, I also believe that Cameron v Auto Club Ins Ass’n, 476 Mich 55; 718 NW2d 784 (2006), should be overruled for the reasons in my dissent to the Cameron decision. Id. at 104.
In Cameron, the majority failed to give proper effect to the language contained in MCL 500.3145(1).[1] As I noted in my Cameron dissent, the “one-year-back rule” is not a period of limitations as interpreted by the majority. Id. at 106. Rather, the “one-year-back rule” is part of the statute that details how to apply the tolling provision contained in the period of limitations laid out in the first sentence of MCL 500.3145(1). Id. at 106-107. By holding that the one-year-back rule was a period of *310 limitations, the Cameron majority failed to “give meaning to the actual text of the statute.” Id. at 108.
In addition to the lack of restraint of the Cameron majority’s use of the judicial power of interpretation, Chief Justice Kelly’s majority opinion in this case shows that the Cameron majority failed to exercise common sense and fairness. As noted in Chief Justice Kelly’s majority opinion in this case, Cameron resulted in the Legislature’s saving provisions regarding minors and governmental entities becoming hollow rights when injuries occurred more than a year before a lawsuit was filed.
On the subject of stare decisis, Justice Young’s dissent in this case attempts to deceive the public. It attempts to lump together the four justices who agree with parts of the majority opinion into having had some sort of previously stated fidelity to stare decisis that those justices have abandoned since former Chief Justice TAYLOR’s overwhelming defeat in the 2008 election.
Justice YOUNG’s dissent quotes various past statements, made by those justices signing portions of the majority opinion, regarding stare decisis and criticizing the former “majority of four” (former Chief Justice Taylor and Justices Corrigan, Young, and Markman). With respect to myself, the dissent quotes a statement I made in response to the improper and unfair dismantling of decades of longstanding insurance contract law by the former “majority of four” in Devillers v Auto Club Ins Ass’n, 473 Mich 562; 702 NW2d 539 (2005). In Devillers, I stated: “Correction for correction’s sake does not make sense. The case has not been made why the Court should not adhere to the doctrine of stare decisis in this case.” Id. at 622 (WEAVER, J., dissenting) (emphasis added).
*311 Justice Young’s dissent uses my Devillers statement in what appears to be an attempt to try to get people to believe that I have somehow changed my view of stare decisis since former Chief Justice TAYLOR was defeated. The dissent’s misleading assertions are simply incorrect.
My Devillers statement itself shows that I was criticizing the disregard for stare decisis in that specific case. My Devillers statement is an example of my service to the rule of law and a partial expression of my view of the policy of stare decisis, which is that past precedent should generally be followed but that, in deciding whether wrongly decided precedent should be overruled, each case should be looked at individually on its facts and merits through the lens of judicial restraint, common sense, and fairness.
Justice Young’s dissent cannot point to a statement where I professed some sort of position regarding stare decisis as an immutable doctrine because I have not taken that position and therefore have made no such statements. Justice Young’s various dissents continue to mischaracterize my positions by making inaccurate statements, using partial quotations taken out of context, and omitting relevant information in an apparent attempt to deceive readers.[2]
I agree with the sentiment recently expressed by Chief Justice Roberts of the United States Supreme Court in his concurrence to the decision in Citizens United v Fed Election Comm, 558 US _, _; 130 S Ct 876, 920; 175 L Ed 2d 753, 806 (2010), when he said that
*312 stare decisis is neither an “inexorable command,” Lawrence v. Texas, 539 U. S. 558, 577 [123 S Ct 2472; 156 L Ed 2d 508] (2003), nor “a mechanical formula of adherence to the latest decision,” Helvering v. Hallock, 309 U. S. 106, 119 [60 S Ct 444; 84 L Ed 604] (1940)----If it were, segregation would be legal, minimum wage laws would be unconstitutional, and the Government could wiretap ordinary criminal suspects without first obtaining warrants. See Plessy v. Ferguson, 163 U. S. 537 [16 S Ct 1138; 41 L Ed 256] (1896), overruled by Brown v. Board of Education, 347 U. S. 483 [74 S Ct 686; 98 L Ed 873] (1954); Adkins v. Children’s Hospital of D. C., 261 U. S. 525 [43 S Ct 394; 67 L Ed 785] (1923), overruled by West Coast Hotel Co. v. Parrish, 300 U. S. 379 [57 S Ct 578; 81 L Ed 703] (1937); Olmstead v. United States, 277 U. S. 438 [48 S Ct 564; 72 L Ed 944] (1928), overruled by Katz v. United States, 389 U. S. 347 [88 S Ct 507; 19 L Ed 2d 576] (1967).
Chief Justice Roberts further called stare decisis a “principle of policy” and said that it “is not an end in itself.” Id. at _; 130 S Ct at 920; 175 L Ed 2d at 807. He explained that “[i]ts greatest purpose is to serve a constitutional ideal — the rule of law. It follows that in the unusual circumstance when fidelity to any particular precedent does more to damage this constitutional ideal than to advance it, we must be more willing to depart from that precedent.” Id. at _; 130 S Ct at 921; 175 L Ed 2d at 807.[3]
*313 I agree with Chief Justice Roberts that stare decisis is a policy and not an immutable doctrine. I chose not to sign Chief Justice KELLY’s lead opinion in Petersen v Magna Corp, 484 Mich 300, 316-320; 773 NW2d 564 (2009), because it proposed to create a standardized test for stare decisis. Likewise, I do not sign the majority opinion’s stare decisis section in this case because it applies Petersen. There is no need for this Court to adopt any standardized test regarding stare decisis. In fact, it is an impossible task. There are many factors to consider when deciding whether or not to overrule precedent, and the importance of such factors often changes on a case-by-case basis.[4]
*314 In the end, the consideration of stare decisis and whether to overrule wrongly decided precedent always includes service to the rule of law through an application and exercise of judicial restraint, common sense, and a sense of fairness — justice for all.
In serving the rule of law and applying judicial restraint, common sense, and a sense of fairness to the case at hand, I agree with and join the majority opinion’s holding that Cameron is overruled.

 MCL 500.3145(1) states:
An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor’s loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

 I will leave it to the people of Michigan to judge and determine my commitment to the rule of law, judicial restraint, common sense, fairness, and independence.

 It appears that Justice YOUNG does not agree with Chief Justice Roberts. In Justice Young’s dissent, he lists 12 cases that have been overruled by this Court in the past 18 months. While Justice Young may feel aggrieved by this Court overruling those 12 cases, amongst those cases were some of the most egregious examples of judicial activism that did great harm to the people of Michigan. Those decisions were made by the “majority of four,” including Justice Young, under the guise of ideologies such as “textualism” and “judicial traditionalism.” Justice Young’s apparent contempt for the common law and common sense can be seen in his 2004 article in the Texas Review of Law and Politics, where Justice Young stated:
*313 Consequently, I want to focus my remarks here on the embarrassment that the common law presents — or ought to present — to a conscientious judicial traditionalist....
To give a graphic illustration of my feelings on the subject, I tend to think of the common law as a drunken, toothless ancient relative, sprawled prominently and in a state of nature on a settee in the middle of one’s genteel garden party. Grandpa’s presence is undoubtedly a cause of mortification to the host. But since only the most ill-bred of guests would be coarse enough to comment on Grandpa’s presence and condition, all concerned simply try ignore him. [Young, A judicial traditionalist confronts the common law, 8 Texas Rev L & Pol 299, 301-302 (2004).]

 Over the past decade, the principal tool used by this Court to decide when a precedent should be overruled is the set of guidelines that was laid out in Robinson v Detroit, 462 Mich 439, 463; 613 NW2d 307 (2000), an opinion written by former Justice Taylor that Justices Corrigan, Young, Markman, and I signed, and that I have used numerous times. By no means do I consider the Robinson guidelines a “be-all, end-all test” that constitutes precedent of this Court to be used whenever this Court considers overruling precedent. I view Robinson as merely providing guidelines to assist this Court in its legal analysis when pertinent. I note that my position in Devillers is in no way inconsistent with my position on stare decisis in this case, nor is it inconsistent with any position on stare decisis that I have taken in other cases, such as Robinson. Devillers involved the “majority of four” overruling precedent involving contract interpretation from a case that was nearly twenty (20) years old. In my *314 Devillers dissent, I noted that I agreed with the majority’s interpretation that the old precedent was incorrect, but given the passage of time since that specific precedent was decided, the Court should not disturb that longstanding precedent because the law had become so ingrained that to overrule it would harm the reliance interests of parties in insurance cases. My position in Devillers was entirely consistent with the reliance prong of the Robinson guidelines. My position in the instant case is also consistent with the reliance prong of the Robinson guidelines since Cameron, the case which is now being overruled, was only decided four (4) years ago.