HATHAWAY, J.
(concurring). I fully concur with Chief Justice KELLY’s analysis and conclusion in this matter and support overruling Cameron v Auto Club Ins Ass’n, 476 Mich 55; 718 NW2d 784 (2006). I also fully concur with Justice Weaver’s stare decisis analysis in her concurring opinion. I write separately to express my own thoughts on the doctrine of stare decisis.
Given the debate amongst the justices of this Court concerning what constitutes the proper stare decisis analysis, I find it insightful to review how our United States Supreme Court has treated the doctrine. Stare decisis is a principle of policy that commands judicial respect for a court’s earlier decisions and the rules of law that they embody. See Harris v United States, 536 US 545, 556-557; 122 S Ct 2406; 153 L Ed 2d 524 (2002); Helvering v Hallock, 309 US 106, 119; 60 S Ct 444; 84 L Ed 604 (1940). “Stare decisis is the preferred *315 course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.” Payne v Tennessee, 501 US 808, 827; 111 S Ct 2597; 115 L Ed 2d 720 (1991). However, when balancing the need to depart from precedent with the need to adhere to established precedent, it is important to bear in mind that stare decisis is neither an “inexorable command,” Lawrence v Texas, 539 US 558, 577; 123 S Ct 2472; 156 L Ed 2d 508 (2003), nor “a mechanical formula of adherence to the latest decision,” Helvering, 309 US at 119. “If it were, segregation would be legal, minimum wage laws would be unconstitutional, and the Government could wiretap ordinary criminal suspects without first obtaining warrants. See Plessy v. Ferguson, 163 U. S. 537 [16 S Ct 1138; 41 L Ed 256] (1896), overruled by Brown v. Board of Education, 347 U. S. 483 [74 S Ct 686; 98 L Ed 873] (1954); Adkins v. Children’s Hospital of D. C, 261 U. S. 525 [43 S Ct 394; 67 L Ed 785] (1923), overruled by West Coast Hotel Co. v. Parrish, 300 U. S. 379 [57 S Ct 578; 81 L Ed 703] (1937); Olmstead v. United States, 277 U. S. 438 [48 S Ct 564; 72 L Ed 944] (1928), overruled by Katz v. United States, 389 U. S. 347 [88 S Ct 507; 19 L Ed 2d 576] (1967).” Citizens United v Fed Election Comm, 558 US _, _; 130 S Ct 876, 920; 175 L Ed 2d 753, 806 (2010) (Roberts, C.J., concurring).
I too believe that stare decisis is a principle of policy. As stated in Helvering-.
We recognize that stare decisis embodies an important social policy. It represents an element of continuity in law, and is rooted in the psychologic need to satisfy reasonable expectations. But stare decisis is a principle of policy and not a mechanical formula of adherence to the latest decision, however recent and questionable, when such adher *316 ence involves collision with a prior doctrine more embracing in its scope, intrinsically sounder, and verified by experiencep[1]
I do not agree with any approach to stare decisis that suggests or implies that it is a “rule” or “law” subject to a particularized test to be used in all circumstances. Any particular approach to stare decisis, such as the one taken in Robinson v Detroit, 462 Mich 439; 613 NW2d 307 (2000), is not “law” or “established precedent” that would require us to overrule, reject, or modify its analysis. The Robinson approach to stare decisis, just as the one taken in Petersen v Magna Corp, 484 Mich 300; 773 NW2d 564 (2009), is one among many varying approaches, and no particular approach, in and of itself, is inherently superior to another. As with any policy determination, the approach taken in any given case will depend on the facts and circumstances presented.
Historically, the United States Supreme Court has utilized many different approaches to stare decisis, including such approaches as those involving a “compelling justification,” [2] “special justification,”[3] and a determination that a case was “wrongly decided.”[4] Each of these approaches is valid and offers a different nuance to stare decisis consideration.[5] However, because stare decisis is a policy consideration, which must be considered on a case-by-case basis, the particular *317 analytical approach will differ from case to case. Most importantly, the critical analysis should be on the rationale regarding whether or not to change precedent.
It is also worthy to note that not only has the United States Supreme Court historically not taken one single approach to the application of stare decisis, the Court has not felt compelled to discuss stare decisis in all cases when precedent is being overturned. Many landmark cases that overruled well-established precedent did not discuss or even mention the phrase “stare decisis.” For example, Brown overruled Plessy, thereby ending segregation in our public schools, without mentioning the phrase “stare decisis,” much less articulating and following a particularized test. Similarly, Gideon v Wainwright, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963), which established the rights of indigents to have counsel in all criminal cases, not merely capital offenses, overruled Betts v Brady, 316 US 455; 62 S Ct 1252; 86 L Ed 1595 (1942), again without mentioning “stare decisis” or a particularized test. Instead, both of these cases focused on the important policy considerations that weighed in favor of overruling precedent.[6]
With these principles in mind, any analysis of the impact of stare decisis must focus on the individual case and the reason for overruling precedent. Thus, the reasons for overruling Cameron are paramount to any articulated test and the special and compelling justifications to do so are overwhelming in this case. As I *318 agree with the well-articulated reasons expressed by Chief Justice KELLY, I will not repeat them here.

1 Helvering, 309 US at 119.

 See 14 Penn Plaza LLC v Pyett, 556 US 247, 280; 129 S Ct 1456; 173 L Ed 2d 398 (2009) (Souter, J., dissenting).

 Arizona v Rumsey, 467 US 203, 212; 104 S Ct 2305; 81 L Ed 2d 164 (1984).

 Seminole Tribe of Florida v Florida, 517 US 44, 66; 116 S Ct 1114; 134 L Ed 2d 252 (1996).

 Any of these approaches to stare decisis can be valid depending on the issues before the court. However, the factors used in any of these tests may or may not be applicable in any given case.

 See Supreme Court Decisions Overruled By Subsequent Decisions, available at <http://www.gpoaccess.gov/constitution/pdf2002/048.pdf> (accessed July 28,2010), for a partial list of United States Supreme Court cases (covering the period from 1810 to 2001) that overrule precedent. Numerous additional examples can be found on this list of cases that do not mention or discuss the phrase “stare decisis” despite the fact that the case overrules precedent.